UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DAYSHAWN INGRAM, *ET AL*** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No.: 1:12-CV-01915 |
|  | ) Judge Gladys Kessler |
| **DISTRICT OF COLUMBIA, *ET AL.*** | ) |
| **Defendants.** | ) |

PLAINTIFF'S MOTION FOR LEAVE
TO AMEND THE COMPLAINT

Plaintiff, through counsel, respectfully moves this Court for leave to amend the Complaint in this matter.

Plaintiff's reasons in support of this motion are fully set forth in the attached Memorandum of Points and Authorities.

Defense Counsel does not consent to this Motion.

A copy of the proposed Amended Complaint is attached hereto.

**WHEREFORE,** Plaintiff requests that the motion be **GRANTED**.

Respectfully Submitted,

*/s/ Geoffrey D. Allen*
Geoffrey D. Allen, Attorney at Law
DC Bar No.: 288142
1730 Rhode Island Avenue, NW
Suite 206
Washington, DC  20036
Telephone: (202) 778-1167
Facsimile: (202) 659-9536
Email: geoffreyallen@verizon.net

*Counsel for Plaintiff*

1

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served via ECF/PACER on this 19th day of February, 2015, to:

Ms. Stephanie Litos, Esq.
Assistant Attorney General
Office of the Attorney General – DC
441 4th Street, NW, 630 South
Washington, DC  20001
Stephanie.litos@dc.gov

Mr. James A. Towns, Esq.
Assistant Attorney General
Office of the Attorney General – DC
441 4th Street, NW, 630 South
Washington, DC  20001
James.Towns@dc.gov

*Counsel for Defendants DC, Laducca, Rose and Karabelas*


Mr. Matthew R. Blecher, Esq.
Assistant Attorney General
Office of the Attorney General – DC
441 4th Street, NW, 630 South
Washington, DC  20001
matthew.blecher@dc.gov

*Counsel for Defendant Michael Shipman-Meyer*


                                        */s/ Geoffrey D. Allen*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAYSHAWN INGRAM,** *ET AL* ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No.: 1:12-CV-01915 |
| ) | Judge Gladys Kessler |
| **DISTRICT OF COLUMBIA,** *ET AL.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM IN SUPPORT OF MOTION FOR
LEAVE TO AMEND COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course, prior to the filing of a responsive pleading, and thereafter by leave of court, which "leave shall be freely given when justice so requires." *Bank v. Pitt,* 928 F.2d 1108, 1112 (11th Cir. 1991)

Plaintiff's Amended Complaint seeks to add a negligence count against the District of Columbia based on its alleged failure to train its officers on the legal requirements concerning the use of choke holds. This case arises from the death of Anthony Chambers, on June 7, 2012, which occurred shortly after a struggle between himself and four police officers who were trying to take him into custody for a mental health screening. It is uncontested that Officer Shipman-Meyer applied a choke hold to Mr. Chambers during the course of this encounter.

The law regarding the use of choke holds in the District of Columbia is set forth in D.C. Code §5-125.01-03. Generally, the law distinguishes between two types of hold: what is termed a "trachea" hold which compresses the windpipe and a "carotid artery" hold which

3

compresses the artery on the side of the neck supplying blood to the brain. The trachea hold is prohibited by police officers in the District under "any circumstances." See D.C. Code §5-125.03(a). The carotid hold is considered to be a use of deadly force and may only be used when the officer or a civilian is threatened with deadly force and then only when "the Metropolitan Police Department has issued procedures and policies which require, at a minimum, (1) That an officer shall have satisfactorily completed a course of training on the carotid artery hold. [1] During the course of discovery, it has been determined that the District of Columbia has not issued any policies or procedures on the use of the carotid hold. During the course of a Rule 30(b)6 deposition, a corporate spokesperson testified as follows:

Deposition of Hector Deleo

Page 8

14 Q. What policies and procedures, if any, did the
15 Metropolitan Police Department have in effect with
16 respect to a carotid artery hold as of June 8th, 2012?
17 A. None.

See Exhibit 1 attached hereto.

Plaintiffs' counsel has recently received and filed his police expert's report. Robert Klotz, Plaintiffs' police expert, if of the opinion that the District was negligent in failing to train its officers that in the absence of any such official policies and procedures concerning the use of a carotid hold; it's use is not permitted by a Police Officer in the District of Columbia. He also

---

[1] D.C. Code §5-125.03 Trachea hold prohibited; carotid artery hold restricted
(a) The use of the trachea hold by any police officer shall be prohibited under any circumstances and the carotid artery hold shall be prohibited except under those circumstances and conditions under which the use of lethal force is necessary to protect the life of a civilian or a law enforcement officer, and has been effected to control or subdue an individual, and the Metropolitan Police Department has issued procedures and policies which require, at a minimum, all the following:(1) That an officer shall have satisfactorily completed a course of training on the carotid artery hold;

opines that this was a proximate cause of the injury to Mr. Chambers. See Exhibit 2. In view of this, Plaintiffs wish to amend the Complaint to include a count alleging negligent training by the Metropolitan Police Department based on this theory.

Permitting the amendment should cause no prejudice to the District of Columbia. Firstly, all Plaintiffs are seeking to do at this point, is to conform the Complaint to the evidence that has been adduced during the course of discovery and the production of expert reports. All four police officers were asked about training in their depositions. In addition, training was the focus of an entire Rule 30(b)6 deposition. So the issue is hardly one that is being sprung on the defendants at the last moment. Secondly, defendants have not yet designated their experts and indeed have until March 25, 2015 to do so. Now that they have Mr. Klotz's report, they have ample time to designate experts of their own to counter his opinions on this issue.

Moreover, the amendment does not add any new parties or necessitate any additional fact discovery. As noted above, the fact that D.C. did not have any policies or procedures on the use of the carotid hold is essentially admitted by the District. The only real issue is how that fact is viewed by the experts in the case, in relation to whether or not a police officer could use it under any circumstances. In view of this, it is respectfully submitted that permitting the amendment will cause no additional fact discovery and no delay in the progress of this case.

There is clearly a good faith basis for adding the negligent training allegation. The District admits if did not produce any policies or procedures on the use of the carotid hold. It also admits that it provided no training in this area.[2] See Exhibits . For his part Officer

---

[2] Deposition of Hector Deoleo.
Page 9

5

Shipman-Meyer admitted in his deposition that he received no training whatsoever regarding chokeholds. Exhibit 3. [3] Further, the amendment is not being advanced for any dilatory purpose; but rather just to conform the complaint to the facts adduced in discovery and relied upon by Plaintiffs expert.

While it is true that the original scheduling order in this case set forth a date in February 2014 for amendment of pleadings it is submitted that this refers only to pleadings which can be amended as a matter of course.  The Court under Rule 15 clearly may allow amendments after that date for good cause shown.  Moreover, it is submitted that this earlier deadline was directed more to the situation where new parties might be added to the litigation.  That is unlike the present situation where no new parties are added, and where the Complaint is merely being conformed to the evidence which has been discovered in the case.

---

22 Q. Okay. Okay. Let's go on to three then. That

Page 10
1 is the nature and extent of training given to police
2 officers or cadets on the use of carotid choke holds
3 from 2008 through June 8th, 2012. Was any such training
4 given during that period?
5 A. No, sir.
6 Q. So it follows, then, there wouldn't be any
7 training materials, presumably?
8 A. Correct.
9 Q. Okay. Topic number four is the nature and
10 extent of any training given to Officer Michael
11 Shipman-Meyer on the use of carotid choke holds. Was
12 any training on that area, carotid choke holds, given to
13 that officer?
14 A. No, sir.

[3] Deposition of Officer Shipman Meyer
Page 57

11 Q. Now, you told me that you had attended the
12 training academy from September the 6th, 2006 to July
13 of 2007.
14 During that training, did you receive any
15 training on the use of choke holds?
16 A. No.

For these reasons, it is requested that the Court grant leave to amend the Complaint as set forth in the attached First Amended Complaint.

        Respectfully Submitted,

        */s/ Geoffrey D. Allen*
        Geoffrey D. Allen, Esquire
        1730 Rhode Island Avenue, NW, Suite 206
        Washington, DC  20036
        (202) 778-1167; (202) 659-9536 – fax
        geoffreyallen@verizon.net

        *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **DAYSHAWN INGRAM,** *ET AL* ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Civil Action No.:  1:12-CV-01915 |
| ) | Judge Gladys Kessler |
| **DISTRICT OF COLUMBIA,** *ET AL.* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

This matter comes before the court on Plaintiffs' Motion For Leave To Amend the Complaint. For good cause shown, it is this, __ day of _____ 2015,  hereby:

**ORDERED,** that the Motion be and hereby is **GRANTED;** and it is further

**ORDERED,** that Plaintiffs are given leave to file his First Amended Complaint.  And it is further,

**ORDERED,** that Plaintiffs' First Amended Complaint shall be deemed filed as of the date of this Order.

_____
Judge Gladys Kessler

8