UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAYSHAWN INGRAM, Individually )
And as Personal Representative of the )
Estate of Anthony Chambers and as )
Legal Representative of A.I., a minor )
4313 13th Street, SE )
Washington, DC 20032 )
)
       *Plaintiffs*, )
v. ) Civil Action No.: 1:12-CV-01915 (GK)
) Judge Gladys Kessler
MICHAEL SHIPMAN-MEYER )
Metropolitan Police Department )
101 M Street, SW )
Washington, DC 20024 )
)
And, )
)
STEPHEN ROSE )
Metropolitan Police Department )
101 M Street, SW )
Washington, DC 20024 )
)
And, )
)
ELIZABETH LADUCCA )
Metropolitan Police Department )
101 M Street, SW )
Washington, DC 20024 )
)
And, )
)
WILLIAM KARABELAS )
Metropolitan Police Department )
101 M Street, SW )
Washington, DC 20024 )
)
And, )
)
THE DISTRICT OF COLUMBIA )
A Municipal Corporation )
441 Fourth Street, NW )
Washington, DC 20001 )

1

|  |  ) |
|---|---|
| ***Defendants.*** | ) |
|  | ) |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

(Negligence, Assault and Battery, Civil Rights Violations, Wrongful Death)

### I. Jurisdiction

1. This action is brought pursuant to the common law of the District of Columbia and D.C. Code § 11-921, 12-101 and 16-2701.

2. Plaintiff Dayshawn Ingram is an adult resident of the District of Columbia. Plaintiff was duly qualified as personal representative of the Estate of Anthony Chambers, deceased, on September 7, 2012, in 2012 ADM 000864 in Superior Court of the District of Columbia. Plaintiff is the adult son of the decedent and is empowered to maintain this cause of action pursuant to D.C. Code §12-101.

3. A.I. is a minor resident of the District of Columbia, and the daughter of the decedent.

4. Defendant District of Columbia is a municipal corporation. It exercises its police functions through the Metropolitan Police Department.

5. The individual defendants are police officers employed by the District of Columbia Metropolitan Police Department.

6. Notice of the date, time, place and circumstance of this incident was provided to the Mayor of the District of Columbia, pursuant to D.C. Code §12-309 on July 26, 2012.

### II. Factual Allegations

7. On or about June 8, 2012, decedent Anthony Chambers was in his residence at 50 P St, SW, when members of the Metropolitan Police Department entered and attempted to arrest

2

him. During the course of the arrest, the officers beat the decedent and applied a choke hold and deployed O.C. spray. As a result of the police actions, decedent lost consciousness and later died.

### III. Statutory Provisions

8. D.C. Code §5-125.03 prohibits the use of all choke holds by Police Officers in the District of Columbia unless the officer has been trained in their use. In addition, the use of a "trachea" choke hold is illegal under any circumstances. "Carotid' choke holds are prohibited unless the officer has been trained in their use.

9. D.C. Code §5-125.01 states that the unrestricted use of chokeholds by Police constitutes an unnecessary danger to the public.

### COUNT ONE

(Survival Action – Negligence – District of Columbia)

10. Plaintiffs hereby incorporate paragraphs 1 through 9, *supra*, by reference.

11. At all times, relevant to this case, the aforesaid Police officers were acting within the scope of their duties as a Metropolitan Police Officers.

12. The Officers failed to exercise reasonable care when attempting to arrest decedent Anthony Chambers and negligently applied excessive force including an improper choke hold on him and the use of O.C. spray on an individual they knew or should have known was suffering from a respiratory condition.

13. Their actions violated the national standard of care required of Police Officers in such circumstances and imposed by the laws of the District of Columbia.

14. As a person who was in the process of being arrested, Anthony Chambers was a member of that class of persons whom D.C. Code §5-125.01-03 sought to protect by regulating the use of choke holds by D.C. Police Officers.

15. Defendants violated D.C. Code §5-125.03 by applying a trachea hold on Anthony Chambers during the course of his arrest.

16. Alternatively, Defendants violated D.C. Code §5-125.03 by applying a carotid choke hold on Anthony Chambers without the training required by the statute.

17. Defendants are liable either in ordinary negligence or under the doctrine of negligence per se for the aforementioned violations of D.C. Code §5-125.01-03.

18. As a proximate cause of the aforementioned acts, Anthony Chambers sustained serious bodily injury and endured great pain and suffering, and mental anguish between the time he was injured and the time of his death.

19. As a direct consequence, thereof, his estate has sustained loss of income during the remainder of his otherwise normally expected lifetime and has incurred medical expenses.

WHEREFORE, Plaintiffs pray for a judgment against Defendant District of Columbia awarding compensatory damages in the amount of $5,000,000.00 (Five Million Dollars), allowable costs of this suit, and any other relief deemed appropriate by the court.

## COUNT TWO

(Survival Action – Assault and Battery – District of Columbia)

20. Plaintiffs hereby incorporate paragraphs 1 through 19, *supra*, by reference.

21. At the time of his death, decedent Anthony Chambers was not violating any laws, was not attempting to interfere with any officers' execution of their duties, and was not engaged in any conduct that constituted a danger to himself or others.

22. The force used incident to the attempted arrest of decedent by the officers was entirely unjustified by any actions of decedent, Anthony Chambers, and was intentional and malicious.

23. As a proximate cause of the assault and battery committed upon decedent, Anthony Chambers, he sustained great pain and suffering, medical expense, loss of wages and loss of life.

WHEREFORE, Plaintiffs pray for a judgment against Defendant District of Columbia awarding compensatory damages in the amount of $5,000,000.00 (Five Million Dollars), allowable costs of this suit, and any other relief deemed appropriate by the court.

### COUNT THREE

(Survival Action – Civil Rights Violations – Individual Defendants)

24. Plaintiffs hereby incorporate paragraphs 1 through 23, *supra,* by reference.

25. Said actions by the Defendant Officers were entirely unjustified by any actions of decedent Anthony Chambers and constituted unreasonable and excessive use of deadly force.

26. The actions alleged above deprived decedent Anthony Chambers of the following rights under the United States Constitution:

   a. Freedom from the use of excessive and unreasonable force in the course of a detention and seizure;

   b. Freedom from a deprivation of liberty without due process of law.

27.     Defendants Officers subjected decedent Anthony Chambers to such deprivations with either malice or reckless disregard of his rights. At the time, they were acting under color of law as District of Columbia police officers.

28.     As a proximate cause of the Constitutional violations of the individual Officers, decedent Anthony Chambers sustained great pain and suffering, medical expense, loss of wages, and loss of life.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, Michael Shipman-Meyer; Stephen Rose; Elizabeth Laducca; and William Karabelas; jointly and severally, awarding compensatory damages in the amount of $5,000,000.00 (Five Million Dollars), allowable costs of this suit, legal fees, and any other relief deemed appropriate by the court.

## COUNT FOUR

(Wrongful Death – Individual Defendants and the District of Columbia)

29.     Plaintiffs hereby incorporate paragraphs 1 through 28, *supra,* by reference.

30.     As a direct and proximate result of the above-described tortuous acts of the individual officer Defendants and the District of Columbia, decedent Anthony Chambers died on or about June 8, 2012.

31.     As a direct and proximate result of the above-described tortuous conduct and the ensuing death of Anthony Chambers, his minor daughter, "A.I.," and his son, Dayshawn Ingram, have suffered the loss of decedent's services, companionship, comfort, guidance, care, love, affection, attention, financial assistance and support, and other pecuniary benefits which they would have derived had he survived.

WHEREFORE, Plaintiffs pray for a judgment against Defendants, Michael Shipman-Meyer; Stephen Rose; Elizabeth Laducca; and William Karabelas; and the District of Columbia, jointly and severally, awarding compensatory damages in the amount of $5,000,000.00 (Five Million Dollars), allowable costs of this suit, and any other relief deemed appropriate by the court.

## COUNT FIVE

(Negligent Training – District of Columbia)

32. Plaintiffs hereby incorporate paragraphs 1 through 31, *supra,* by reference.

33. The District of Columbia Metropolitan Police Department had no policies and procedures on the use of a carotid artery hold by a police officer, in effect as of June 8, 2012, and provided no approved training on its use.

34. The District failed to train its officers, including Officer Shipman-Meyer, that in the absence of such policies and procedures requiring at a minimum, approved training in the use of carotid holds; the use of the carotid hold, was not permitted in the District of Columbia.

35. Because of the failure to train by the District of Columbia, Officer Shipman-Meyer was unaware that such a hold was not permitted by D.C. Code §5-125.01-03 on June 8, 2012.

36. As a direct and foreseeable consequence, thereof, Officer Shipman-Meyer applied a carotid hold on Anthony Chambers on June 8, 2012, causing injuries, including a fractured right superior horn of the thyroid cartilage in his throat; which proximately caused his death.

37. In failing to provide such training to its Police Officers, the District of Columbia failed to exercise reasonable care to protect its citizens, including Anthony Chambers, from the illegal use of carotid holds and violated the national standard of care.

38. As a proximate cause of the aforesaid negligence, decedent Anthony Chambers sustained great pain and suffering, medical expense, loss of wages, and loss of life.

WHEREFORE, Plaintiffs pray for a judgment against the District of Columbia, awarding compensatory damages in the amount of $5,000,000.00 (Five Million Dollars), allowable costs of this suit, and any other relief deemed appropriate by the court.

Respectfully Submitted,

_____
Geoffrey D. Allen, Attorney at Law
DC Bar No.: 288142
1730 Rhode Island Avenue, NW
Suite 206
Washington, DC 20036
Telephone: (202) 778-1167
Facsimile: (202) 659-9536
Email: geoffreyallen@verizon.net

*Counsel for Plaintiffs*

**JURY DEMAND**

Plaintiffs demand trial by jury.

_____
Geoffrey D. Allen